UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANTHONY LEVACK,

    Petitioner,

v.

DEWAYNE BURTON,

    Respondent.
_____/

Case No. 1:16-cv-125

Hon. Hala Y. Jarbou

## ORDER

David Anthony Levack was tried and convicted of first-degree murder, first-degree home invasion, and witness intimidation in Michigan. Having exhausted his appeals in state court, he petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) The petition seeks to overturn Levack's convictions on grounds of insufficient evidence, among others. The petition was referred to a magistrate judge, who produced a report and recommendation (R&R) recommending that Levack's convictions be vacated. (ECF No. 32, PageID.3461.) Before the Court are Respondent DeWayne Burton's objections (ECF No. 33) and Levack's objections (ECF No. 38). Burton's objections will be sustained, Levack's objections will be denied, and the R&R will be adopted in part. The petition for a writ of habeas corpus will be denied.

### I. Background

The exhaustive, forty-two-page R&R lays out the details of this case. Only a few key facts will be recited here.

Levack provided in-home healthcare to Joyce Johnson's husband. (R&R, PageID.3461.) After the husband passed away in November 2009, Levack provided handyman services for Johnson. (*Id.*) In December 2010, Johnson accused Levack of stealing jewelry from her, and the

state brought criminal charges. Johnson was scheduled to testify against Levack at trial on September 27, 2011, but she failed to appear. The police performed a wellness check and found her dead, mostly submerged in her bathtub. (*Id.*) Investigators concluded that she had been strangled and likely died on September 26.

Levack became a suspect in her murder. Following an investigation, he was accused of breaking into Johnson's house and killing her to prevent her from testifying at the prior criminal trial. A jury convicted Levack of first-degree murder, first-degree home invasion, and witness intimidation. (*Id.*, PageID.3462.) The trial court sentenced Levack "to serve a term of life in prison without the possibility of parole for first degree murder, a term of 20 to 40 years for first degree home invasion, and a term of 20 to 30 years for intimidation of a witness." (*Id.*)

Levack appealed his conviction, arguing, among other things, that the prosecution had presented insufficient evidence to permit a jury to find him guilty beyond a reasonable doubt. (*Id.*) The Michigan Court of Appeals rejected every claim for relief raised and affirmed Levack's convictions. *People v. Levack*, No. 311630, 2014 WL 2118088 (Mich. Ct. App. May 20, 2014). Levack requested leave to appeal that decision to the Michigan Supreme Court, which the court denied in February 2015. *People v. Levack*, 858 N.W.2d 446 (Mich. 2015). The present habeas petition followed.

## II. Standards

### A. Objections to R&Rs

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct *de novo* review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject,

>or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.
>Fed. R. Civ. P. 72(b)(3).

**B. Habeas Petitions**

28 U.S.C. § 2254 provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before seeking redress in federal court, a petitioner must first exhaust state remedies by "fairly present[ing]" the substance of his federal claims to all available state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971); 28 U.S.C. § 2254(b)(1)(A).

A petitioner "is eligible for relief only if he shows that the state court's decision (1) was 'contrary to . . . clearly established' federal law as determined by the U.S. Supreme Court precedents or (2) amounted to 'an unreasonable application' of the same." *Woods v. Cook*, 960 F.3d 295, 300 (6th Cir. 2020) (quoting 28 U.S.C. § 2254(d)(1)). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

Hence, federal courts are bound to apply a "'highly deferential standard [when] evaluating state-court rulings'" in a habeas case. *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997)). Habeas writs are only issued where the district court finds an unreasonable application of federal law, not simply an incorrect one. *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). In other words, a petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and

3

comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. 103.

Finally, "a determination of a factual issue made by a State court shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This rebuttable presumption extends to factual findings made by a state appellate court reviewing the trial record. *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

### III. Objections

Levack raised eight claims for relief in his habeas petition. (R&R, PageID.3464 (citing Petition, ECF No. 1).) The R&R recommends granting the habeas petition on Claim I and denying the petition on Claims II-VIII. (*See id.*, PageID.3502.) Claim I argues that Levack's "convictions should be overturned because there was insufficient credible evidence at trial to prove [Levack] guilty of the crime." (Petition, PageID.8.) Both Levack's and Burton's objections relate to the R&R's analysis of Claim I. The parties' respective objections will be addressed in turn.

**A. Burton's Objections**

Burton lodges two objections to the R&R's recommendation that the habeas petition be granted for lack of sufficient evidence supporting Levack's convictions. First, Burton argues that the R&R improperly concluded that the Michigan Court of Appeals misapplied the relevant law in upholding Levack's convictions. Alternatively, Burton claims that the R&R impermissibly analyzed the Court of Appeal's *reasoning* because the actual test is whether the *outcome* of the state appellate review was contradictory to, or involved an unreasonable application of, federal law.

### 1. First objection

The R&R finds a fatal flaw in the Michigan Court of Appeals' treatment of Levack's appeal: the court failed to explain how the evidence presented at trial proved each element of the three offenses beyond a reasonable doubt. (R&R, PageID.3476.) The R&R states that the Court of Appeals was required to perform a step-by-step analysis, finding sufficient evidence to prove each element of each offense. (*Id.*) This is the standard commanded by *In re Winship*, 397 U.S. 358, 364 (1970). Sufficient evidence exists where "after viewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

However, as Burton correctly points out, appellate review is confined to the claims raised by the appellant. (Resp.'s Objs. to R&R, PageID.3504-3505.) Levack's insufficient evidence argument focused solely on the issue of identity and not whether, say, the state had proved that a home invasion or murder had actually occurred. Levack's challenge is that there is not enough evidence to prove that he himself committed those crimes. (*Id.*, PageID.3505 (citing Def. Br. on Appeal, ECF No. 9-17, PageID.2790-2806).) Therefore, the proper inquiry is whether the Michigan Court of Appeals applied the evidence to determine if the prosecution had met its burden of proof with respect to Levack's identity as the culprit. In this context, the appellate court did not unreasonably apply federal law – here, the *Winship* standard – by failing to examine the sufficiency of the evidence with respect to each element of the challenged convictions. Burton's first objection is sustained in this regard.

The R&R could reasonably be interpreted as saying that the prosecution presented insufficient evidence to establish Levack's identity as the culprit beyond a reasonable doubt. (*See* R&R, PageID.3477.) To the extent the R&R so holds, it is incorrect.

Levack's identity as the culprit was established entirely through circumstantial evidence. (*Id.*) "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Algee*, 599 F.3d 506, 512 (6th Cir. 2010) (internal quotation marks omitted); *see also People v. Unger*, 749 N.W.2d 272, 287 (Mich. Ct. App. 2008) (circumstantial evidence can be sufficient to establish identity of murderer).

In making its decision, the Michigan Court of Appeals cited the following evidence: (1) Levack had a motive to murder Johnson to prevent her from testifying against him in the larceny case; (2) "that shortly before the murder, Levack violated a court order and went on property near [Johnson's] home (which supports a legitimate inference that he conducted surveillance on the victim or her house)"; (3) "that a Powerade bottle with Levack's DNA found 65 to 75 feet from the victim's house disproved Levack's claim that he was never in [the] area and established that he was near the scene of the crime"; (4) "that the placement of the Powerade bottle 'on top of leaves and its lack of discoloration suggested that it was placed there around the time of the murder'"; (5) "that Levack's Tracphone records indicate his movement in and around [the town where Johnson lived] on the alleged day that the victim's murder occurred"; and (6) "that 'his evasion of the police, statements [made], and the $1,000 on his person suggest that the defendant intended to flee, which could indicate his guilt.'" (R&R, PageID.3476.)  "Levack has not rebutted the presumption as to the facts cited in the Michigan Court of Appeals opinion." (*Id.*, PageID.3475.)

Viewing the above evidence in the light most favorable to the prosecution, a reasonable jury could have found, beyond a reasonable doubt, that Levack was the person who broke into

6

Johnson's home and murdered her.  The decision rendered by the Michigan Court of Appeals did not involve an unreasonable application of federal law.

### 2. Second objection

Burton further argues that the R&R erred by analyzing the Michigan Court of Appeals' reasoning rather than the court's decision to uphold Levack's convictions.  (Resp.'s Objs. to R&R, PageID.3514.)  Simply put, Burton claims that the proper standard of review on a habeas petition requires this Court to ask whether Levack's convictions *could be* upheld, not whether they could be upheld for the reasons given by the Michigan Court of Appeals.

According to Burton, this latter standard is demanded by *Wilson v. Sellers*, 138 S. Ct. 1188 (2018).  The Sixth Circuit has since issued an opinion, *Coleman v. Bradshaw*, 974 F.3d 710 (2020), that apparently dictates the analysis undertaken by the R&R.  (Resp.'s Objs. to R&R, PageID.3517-3519.)  The Court need not wade into this issue because, per the discussion regarding Burton's first objection, the decision rendered by the Michigan Court of Appeals did not involve an unreasonable application of federal law.  Whether considering the decision on its own or the reasoning offered by the Court of Appeals, a habeas petition is not warranted on grounds of insufficient evidence.  Burton's objections will be sustained, and the R&R will be rejected in this respect.

### B. Levack's Objections

Levack raises a number of objections, all of which share a common theme and goal. Though the R&R recommended granting his petition on Claim I, it also recommended vacating Levack's convictions "unless the Michigan Court of Appeals grants Levack a new appeal limited to the issue of sufficiency of the evidence."  (R&R, PageID.3502 (emphasis deleted).)  Levack argues that the Michigan Court of Appeals should not get another chance at reviewing his claims and that he should be released immediately.  These arguments fail because the Court has

determined that Claim I does not merit a writ of habeas corpus. Levack does not lodge any objections with respect to any other Claim considered and rejected by the R&R.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 32) is **ACCEPTED** and **ADOPTED** except with regard to its recommendations respecting Claim I of Petitioner's petition for a writ of habeas corpus (ECF No. 1).

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

A judgment will enter consistent with this opinion.


Dated:   March 23, 2021                               /s/ Hala Y. Jarbou
                                                                            HALA Y. JARBOU
                                                                            UNITED STATES DISTRICT JUDGE